1    BAKER BOTTS L.L.P.
     Bryant C. Boren, Jr. (SBN 260602)
2    620 Hansen Way
     Palo Alto, CA  94304-1014
3    Tel.:  (650) 739-7501; Fax:  (650) 739-7601
     bryant.c.boren@bakerbotts.com
4
     BAKER BOTTS L.L.P.
5    James Edward Maloney (*pro hac vice* pending)
     TX #12881500
6    Shira R. Yoshor (*pro hac vice* pending)
     TX #00788730
7    One Shell Plaza, 910 Louisiana
     Houston, Texas  77002-4995
8    Tel.:  (713) 229-1234; Fax:  (713) 229-1522
     james.maloney@bakerbotts.com
9    shira.yoshor@bakerbotts.com

10   Attorneys for Defendant Match.com, L.L.C.

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14
     KRISTY GAMAYO, individually and on behalf       Case No. C11-00762-SBA
15   of all others similarly situated,
                                                     **DEFENDANT'S MOTION TO DISMISS**
16                        Plaintiff,                  **FOR IMPROPER VENUE OR, IN THE**
                 vs.                                  **ALTERNATIVE, TO TRANSFER**
17
     MATCH.COM, L.L.C.,                               Date: June 14, 2011
18                                                    Time: 1:00 p.m.
                          Defendant.                  Place: Courtroom 1
19                                                    Judge: Hon. Saundra Brown Armstrong

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** that at 1:00 p.m. on June 14, 2011, before the Honorable Saundra B. Armstrong, United States District Judge, in Courtroom 1, 4th Floor, of the above-entitled court located at 1301 Clay Street, Oakland, CA 94612, Defendant Match.com, L.L.C. will and hereby does move for an order in this action for improper venue, or in the alternative, transferring the action to the Northern District of Texas for the convenience of the parties and witnesses and in the interest of justice.  This motion is being brought pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities that follows, the declaration of James Edward Maloney, the declaration of Sydney C. Lam, and on all the papers and records on file in this action, and on such other oral and/or documentary material as may be presented in support of the motion at or before the hearing on the motion.

DATED:  March 17, 2011

Respectfully submitted,

BAKER BOTTS L.L.P.

By:_____ /s/ *Bryant C. Boren, Jr.*_____
　　　　　　Bryant C. Boren, Jr.
　　　　Attorneys for Defendant Match.com, L.L.C.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ii

I.      INTRODUCTION AND PROCEDURAL BACKGROUND............................................1

II.     FACTUAL BACKGROUND.........................................................................................3

III.    ARGUMENT AND AUTHORITIES.............................................................................5

        A.    Legal Standards Governing Rule 12(b)(3) Motions ...........................................5

        B.    This case should be dismissed because the applicable forum selection
              clause clearly provides that the exclusive venue is Texas, not California,
              and application of the clause would not be unreasonable or unjust. ....................6

              1.    The forum selection clearly provides for exclusive venue in Texas
                    for Plaintiff's claims. .............................................................................7

              2.    Plaintiff cannot meet her heavy burden of proving that enforcement
                    of the forum selection clause would be unreasonable or unjust. ................8

              a.    Plaintiff cannot show that the forum selection clause is the product
                    of fraud or overreaching. ........................................................................8

              b.    Plaintiff cannot show that she would be deprived of her day in court
                    if the forum selection clause were enforced. .............................................9

              c.    Plaintiff cannot show that enforcement of the forum selection
                    clause would contravene a strong public policy of California. .................10

        C.    Alternatively, the Court should transfer this action to the Northern District
              of Texas under Section 1404(a). ....................................................................11

IV.     CONCLUSION.........................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*A.J. Indus., Inc. v. United States Dist. Ct.*,
  503 F.2d 384 (9th Cir. 1974) ..........................................................................11

*Alexander v. Franklin Res., Inc.*,
  No. C 06-7121 SI, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007)............................13

*Angelotti v. RW Prof'l Leasing Servs. Corp.*,
  105 F.3d 664, 1996 WL 742542 (9th Cir. 1996) ..................................................8

*Applied Med. Distribution Corp. v. Surgical Co. BV*,
  587 F.3d 909 (9th Cir. 2009) ..........................................................................10

*Argueta v. Banco Mexicano, S.A.*,
  87 F.3d 320 (9th Cir. 1996) ....................................................................5, 6, 8, 9

*Besag v. Custom Decorators, Inc.*,
  No. CV08-05463 JSW, 2009 WL 330934 (N.D. Cal. Feb. 10, 2009)....................10

*Cariajano v. Occidental Petroleum Corp.*,
  626 F.3d 1137 (9th Cir. 2010) ........................................................................12

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991).....................................................................................6, 8

*Carolina Cas. Co. v. Data Broad. Corp.*,
  158 F. Supp. 2d 1044 (N.D. Cal. 2001) .............................................................11

*Commodity Futures Trading Comm'n v. Savage*,
  611 F.2d 270 (9th Cir. 1979) ..........................................................................11

*Daniels-Hall v. Nat'l Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ............................................................................3

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986) ..........................................................................12

*Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*,
  820 F. Supp. 503 (C.D. Cal. 1992) ...................................................................11

*Hertz Corp. v. Friend*,
  130 S.Ct. 1181 (2010)....................................................................................12

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ..........................................................................12

*Kelly v. Qualitest Pharm., Inc.*,
    No. F06-116-AW-ILJO, 2006 WL 2536627 (E.D. Cal. 2006).............................................3, 6

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*,
    330 U.S. 518 (1947)..................................................................................................................12

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972)....................................................................................................................6,8

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
    858 F.2d 509 (9th Cir. 1988) ..............................................................................................5, 6, 9

*Mazzola v. Roomster Corp.*,
    No. CV 10-5954, 2010 WL 4916610 (C.D. Cal. Nov. 30, 2010)...............................................7

*Meier v. Midwest Recreational Clearinghouse LLC*,
    No. 210-CV-01026, 2010 WL 2738921 (E.D. Cal. July 12, 2010)............................................6

*Moses v. Bus. Card Express, Inc.*,
    929 F.2d 1131 (6th Cir. 1991) ..................................................................................................8

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ..............................................................................................6, 8

*N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*,
    69 F.3d 1034 (9th Cir. 1995) ...................................................................................................7

*Owner-Operator Independent Drivers Ass'n v. C.R. England, Inc.*,
    No. CV F02-0205664 A WI SMS, 2002 WL 32831640 (E.D. Cal. Aug. 19, 2002)...............12

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
    741 F.2d 273 (9th Cir. 1984) ..............................................................................................7, 9

*Pfeiffer v. Himax Techs., Inc.*,
    530 F. Supp. 2d 1121 (C.D. Cal. 2008) ..................................................................................12

*Pratt v. Silversea Cruises, Ltd.*,
    No. C 05-0693 SI, 2005 WL 1656891 (N.D. Cal. July 13, 2005)..............................................6

*Radian Int'l, LLC v. Alpina Ins. Co.*,
    No. C-04-4537 SC, 2005 WL 1656884 (N.D. Cal. July 14, 2005) .......................................7, 9

*Richards v. Lloyd's of London*,
    135 F.3d 1289 (9th Cir. 1998) (en banc) ..................................................................................9

*Riley v. Kingsley Underwriting Agencies, Ltd.*,
    969 F.2d 953 (10th Cir. 1992) ..................................................................................................8

*Rodriguez v. PepsiCo Long Term Disability Plan*,
    716 F. Supp. 2d 855 (N.D. Cal. 2010) .....................................................................................7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)......................................................................................................12

*Swenson v. T-Mobile USA, Inc.*,
    415 F. Supp. 2d 1101 (S.D. Cal. 2006)..............................................................10, 11

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)...............................................................................................11, 14

*Walker v. Carnival Cruise Lines*,
    63 F. Supp. 2d 1083 (N.D. Cal. 1999) ..................................................................5

**STATUTES**

28 U.S.C. § 1332(d) (2006) ...................................................................................12

28 U.S.C. § 1391(a)(1) (2006) ...............................................................................12

28 U.S.C. § 1391(c) (2006) ....................................................................................12

28 U.S.C. § 1404(a) (2006) ...............................................................1, 2, 11, 12, 14

28 U.S.C. § 1406(a) (2006) ...................................................................1, 5, 11, 14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(3) .......................................................................1, 2, 5, 14

Fed. R. Civ. P. 12(b)(6) .................................................................................4, 5

Fed. R. Civ. P.  23.................................................................................................5

1          Defendant Match.com, L.L.C. ("Defendant" or "Match") hereby moves, pursuant

2 to Rule 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Class Action

3 Complaint (the "Complaint") for improper venue based upon Match's Terms of Use Agreement

4 ("User Agreement"), which requires Plaintiff's claims to be litigated in Texas.  In the alternative,

5 Match hereby moves to transfer this case to the Northern District of Texas under 28 U.S.C.

6 §§ 1404(a) and 1406(a).

7 **I.      INTRODUCTION AND PROCEDURAL BACKGROUND**

8          Well aware of her contractual obligation, under an unambiguous and controlling

9 forum selection clause, to litigate her claims against Match in the Northern District of Texas,

10 Plaintiff nonetheless brings suit in this Court.  Plaintiff's attempt to dodge her obligation should

11 be rejected.  Indeed, the forum selection clause contained in Match's User Agreement—which

12 Plaintiff here seeks to avoid—has already been found to be valid and enforceable by one federal

13 district court in another putative nationwide class action asserting similar, and similarly meritless,

14 claims.

15          In June 2009, the plaintiffs in *Brodsky v. Match.com LLC* ("*Brodsky*"), likewise

16 hoping to avoid enforcement of the same forum selection clause at issue here, filed a purported

17 class action  against Match (asserting many of the same claims as Plaintiff in this lawsuit) in an

18 improper venue—the United States District Court for the Southern District of New York.  In

19 October 2009, that court, expressly holding that the forum selection clause is valid and

20 enforceable, granted Match's motion to transfer that action to the proper forum, the Northern

21 District of Texas.  *See* Oct. 28, 2009 Mem. & Order at 13-14, Dkt. No. 19 in C.A. 3:09-cv-

22 02066 F (N.D. Tex.), attached as Ex. A.[1]  Thereafter, in September 2010, a Magistrate Judge in

23 the Northern District of Texas dismissed a number of the *Brodsky* claims pursuant to Match's

24 Rule 12(b)(6) motion and explicitly suggested that Match seek summary judgment on the

25 remaining claims.  *See* Sept. 30, 2010 Mem. Order at 5-6, C.A. 3:09-cv-02066-F (Dkt. 57),

26

27   [1]     All exhibits referred to as Ex. ___ are exhibits to the Declaration of James Edward Maloney unless

28 otherwise specified.

1    attached as Ex. B.  One week later, the *Brodsky* plaintiffs, recognizing the weakness of their

2    remaining claims, voluntarily dismissed their entire case.  Since then, some of the same plaintiffs

3    have been trying to press those claims in Texas state court, apparently in hopes of finding a

4    friendlier forum.[2]

5           In December 2010, recognizing their contractual obligation under the User

6    Agreement, plaintiffs from Florida, Iowa, New York, Tennessee, and Washington jointly filed a

7    putative nationwide class action complaint in the Northern District of Texas.  *See* Dec. 30, 2010

8    Class Action Complaint, *Robinson, et al. v. Match.com, LLC* ("*Robinson*"), C.A. No. 3:10-cv-

9    02651-L (Dkt. 1), attached as Ex. D.  That case is under way.  The Rule 26(f) conference is

10   scheduled to occur no later than March 17, 2011, and the parties must submit a status report by

11   April 1, 2011.  *See* Order Requiring Attorney Conference and Status Report, *Robinson*, C.A. No.

12   3:10-cv-02651-L (Dkt. 20), attached as Ex. E.

13          This case, like *Brodsky*, is a blatant attempt at forum shopping in the face of a

14   valid and enforceable contractual forum selection clause.  Indeed, the *Robinson* plaintiffs, in an

15   action that has been pending in the proper forum since December, assert substantially the same

16   claims as Plaintiff does here,[3] and also seek to certify the same nationwide class.  By filing this

17   lawsuit in this forum, Plaintiff and her counsel are attempting to circumvent the forum selection

18   provision of the User Agreement—which Plaintiff and every putative class member agreed to—in

19   order to avoid filing in the Northern District of Texas where an earlier filed case is pending.

20   When they became members of Match.com, Plaintiff and all putative class members agreed to

21   litigate any claims against Match in Texas.  Their agreement, articulated in clear contractual

22   provisions, is valid and presumptively enforceable.  Accordingly, because Plaintiff cannot meet

23   the heavy burden required to prevent enforcement of the forum selection clause, the Complaint

24   should be dismissed for improper venue under Rule 12(b)(3).

---

25   [2]     Attached as Exhibit C is a detailed timeline chronicling relevant developments in the six related
26   lawsuits that have been filed against Match thus far.

27   [3]     The *Robinson* plaintiffs have informed Match that they will be amending their complaint to
     include additional claims under the Texas Deceptive Trade Practices Act following the expiration of the
28   statutory 60-day waiting period required after making a demand related to these claims.

1        Alternatively, Match respectfully submits that this action should be transferred to

2   the United States District Court for the Northern District of Texas under 28 U.S.C. § 1404(a),

3   where another substantially similar case has been pending since December.  The Northern District

4   of Texas possesses the requisite subject matter jurisdiction over the action and personal

5   jurisdiction over the parties, and venue is not only proper in that district, but in fact mandated in

6   that district under the express terms of the User Agreement.   Furthermore, the balance of

7   applicable factors weighs decidedly in favor of transfer.

8   **II.    FACTUAL BACKGROUND**

9        Match is a Dallas, Texas based company that operates the website located at

10  www.match.com (the "Website"), a service enabling single adults to meet each other online.  In

11  order to use the Match service, Plaintiff and every putative class member was required to first

12  agree to the terms of the User Agreement.  *See* Ex. A to Compl., User Agreement at 1.[4]  By

13  assenting to the User Agreement, Plaintiff, along with millions of others from all over the United

14  States (and from outside the U.S. as well) explicitly agreed that the courts in Dallas County,

15  Texas—where Match is headquartered—would be the exclusive venue for the resolution of any

16  dispute arising out of the Website or Match's service.

17        Plaintiff and all putative class members knowingly entered into the User

18  Agreement and agreed to its terms.  Plaintiff does not dispute the validity of the User Agreement;

19  to the contrary, she affirmatively pleads the validity of the User Agreement in support of her class

20  claim for breach of contract.  Compl. ¶¶ 29, 104-13.  Match requires, as an express condition of

21  use of the Website and the Match service, each user, including Plaintiff and each putative class

22  member, to check a box on the Website affirming "I agree to the Match.com terms of use," which

23  is hyperlinked to a complete copy of the User Agreement.  Declaration of Sydney C. Lam ("Lam

---

[4]        Plaintiff attached a copy of the User Agreement to her Complaint.  Because the Complaint relies upon the User Agreement, the Court may consider it in deciding this motion.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In any event, in deciding a motion to dismiss for improper venue, a court may consider materials outside the pleadings. *Kelly v. Qualitest Pharm., Inc.*, No. F06-116-AW-ILJO,  2006 WL 2536627, at *7 (E.D. Cal. 2006) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)).

Decl."), ¶ 9, & Ex. 1; *see also* Ex. A. to Compl. at 9.  The first paragraph of the User Agreement

states: "**If you object to anything in this Agreement or the Match.com Privacy Policy, do not**

**use the Website or the Service.**"  Ex. A to Compl. at 1 (emphasis in original).

The User Agreement contains a short, clear, mandatory forum selection clause,

which reads as follows:

> **23. Jurisdiction and Choice of Law.**  *If there is any dispute
> arising out of the Website and/or the Service, by using the Website,*
> you expressly agree that any such dispute shall be governed by the
> laws of the State of Texas, without regard to its conflict of law
> provisions, and *you expressly agree and consent to the exclusive
> jurisdiction and venue of the state and federal courts of the State of
> Texas, in Dallas County, for the resolution of any such dispute.*

Compl. Ex. A ¶ 23 (emphasis added).  The language could not be clearer.  The forum selection

clause contained in the User Agreement requires that any dispute arising out of the Website

and/or the Match service must be submitted for resolution to the courts in Dallas County, Texas,

which have exclusive jurisdiction over such matters.

Notwithstanding this clear, mandatory forum selection clause, Plaintiff filed this

putative class action in this judicial district on February 18, 2011.[5]  In her Complaint, Plaintiff

alleges both common law and statutory causes of action.[6]  Plaintiff asserts these claims on behalf

---

[5]      Plaintiff's counsel has also filed a virtually identical suit in the San Francisco division of this
Court, *see* Class Action Complaint, *Melucci v. Match.com, L.L.C.*, Case No. 11-cv-01076-EDL, Dkt. No. 1
(Mar. 8, 2011), attached as Ex. F, which counsel now seeks to relate to this case.  *See* Administrative
Motion to Relate Case, *Gamayo v. Match.com., L.L.C.*, Case No. 4:11-cv-00762-SBA, Dkt. No. 9 (Mar.
10, 2011).  Indeed as Plaintiff's counsel are identical in the two purported class actions and the complaints
are virtually identical, it is entirely unclear why counsel would file an additional lawsuit in the first place,
rather than amend the original complaint to add an additional named plaintiff.  In any event, this Court
granted the motion to relate the two cases on March 15, 2011.  *See* Dkt. No. 11.  Another law firm has also
filed a substantially similar class action complaint in the San Francisco division on behalf of two
additional named plaintiffs.  *See* Class Action Complaint for Damages and Injunctive Relief, *Fitzpatrick v.
Match.com, L.L.C.*, Case No. 11-cv-01206, Dkt. No. 1 (Mar. 11, 2011), attached as Ex. G.  Counsel for
Match has counsel in *Fitzpatrick* of their obligation to move to relate.  All three of these cases should be
consolidated and dismissed or, alternatively, transferred to the Northern District of Texas to be
consolidated with the first filed case, *Robinson  v. Match.com, LLC*, C.A. No. 3:10-cv-02651-L (filed Dec.
30, 2010).

[6]      Plaintiff asserts claims for:  common count for money had and received, Compl. ¶¶ 65-70;
violation of California's Consumers Legal Remedies Act, *id.* ¶¶ 71-77; violation of California's False
Advertising Law, *id.* ¶¶ 78-86; unlawful business practices in violation of California's Unfair Competition
Law ("UCL"), *id.* ¶¶ 87-91; unfair business practices in violation of the UCL, *id.* ¶¶ 92-96; fraudulent and

of herself and two putative classes, a general nationwide "Class" and a "California Subclass," each consisting of persons who "suffered damages as a result of subscription fees paid to Match for the use of its website."  Compl. ¶¶ 17-18.[7]  Because the claims in the Complaint are based on Plaintiff's use of the Website and the services provided by Match under the User Agreement, none of Plaintiff's claims can be litigated in this Court.

As noted above, Plaintiff does not dispute that she entered into the User Agreement or that the User Agreement is a valid and enforceable agreement.  Indeed, she assumes the validity and enforceability of the User Agreement in asserting a claim against Match for breach of the User Agreement.  Rather, she argues enforcing the forum selection clause contained in the User Agreement would be "unreasonable under the circumstances of this case."  Compl. ¶ 10.  As demonstrated below, this argument is untenable.

## III.    ARGUMENT AND AUTHORITIES

### A.    Legal Standards Governing Rule 12(b)(3) Motions

When an action is commenced in a jurisdiction in contravention of a forum selection clause, the defendant's appropriate recourse is a motion to dismiss for improper venue pursuant to Rule 12(b)(3).  *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1086, 1095 (N.D. Cal. 1999) (Henderson, J.) (dismissing case pursuant to forum selection clause specifying Florida); *accord* 28 U.S.C. § 1406(a) (2006) (requiring district court to dismiss when action is filed in wrong venue or transfer to venue where case could have been brought).  In actions pending in the federal courts, forum selection clauses are interpreted and applied in accordance with federal law. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988).

Unlike a motion to dismiss under Rule 12(b)(6), a Rule 12(b)(3) motion is not

---

deceptive practices in violation of the UCL, *id.* ¶¶ 97-103; breach of contract, *id.* ¶¶ 104-13, breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 114-20; negligent misrepresentation, *id.* ¶¶ 121-28; and unjust enrichment/common law restitution, *id.* ¶¶ 129-33.  Match disputes the material factual allegations in the Complaint, believes that some or all of Plaintiff's claims are subject to dismissal, and reserves the right to file an appropriate motion under Rule 12(b)(6).

[7]      Match believes that none of Plaintiff's claims is suitable for class treatment under Rule 23.

1   presumptively limited to the pleadings. *Argueta*, 87 F.3d at 324. Moreover, in deciding a Rule

2   12(b)(3) motion based on a forum selection clause a court need not accept the factual allegations

3   in the complaint as true. *Id.* Further, "the court may consider supplemental written materials and

4   consider facts outside the pleadings" in its adjudication. *Kelly v. Qualitest Pharm., Inc.*, No. F06-

5   116-AW-ILJO, 2006 WL 2536627 at *7 (E.D. Cal. 2006) (citing *Murphy v. Schneider Nat'l, Inc.*,

6   362 F.3d 1133, 1137 (9th Cir. 2004)). Any genuine factual issues raised by the opposing party

7   are to be resolved at an evidentiary hearing in which the "court may weigh evidence, assess

8   credibility and make findings of fact that are dispositive" for purposes of the motion. *Murphy*,

9   362 F.3d at 1139-40.

### B.   This case should be dismissed because the applicable forum selection clause clearly provides that the exclusive venue is Texas, not California, and application of the clause would not be unreasonable or unjust.

12   "Forum selection clauses are *prima facie* valid, and are enforceable absent a strong

13   showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or

14   that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti-Farrow, Inc. v.*

15   *Gucci American, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata*

16   *Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Once venue is challenged, the plaintiff bears the burden of

17   establishing that its chosen venue is proper. *Pratt v. Silversea Cruises, Ltd.*, No. C 05-0693 SI,

18   2005 WL 1656891, at *1 (N.D. Cal. July 13, 2005) (Illston, J.). Indeed, the party opposing

19   enforcement of the forum selection clause must "show that trial in the contractual forum would be

20   so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day

21   in court." *Manetti-Farrow*, 858 F.2d at 515 (quoting *Bremen*, 407 U.S. at 18); *see also Argueta*,

22   87 F.3d at 325.

23   A forum selection clause binds the parties even where the agreement in which it

24   appears is a form consumer contract that was not subject to negotiation, *Carnival Cruise Lines,*

25   *Inc. v. Shute*, 499 U.S. 585, 589-95 (1991). This is true of forum selection clauses contained in

26   so-called "click-wrap" agreements, whereby "a user accepts a website's terms and conditions," as

27   Plaintiff and all putative class members did here. *Meier v. Midwest Recreational Clearinghouse*

28   *LLC*, No. 210-CV-01026, 2010 WL 2738921, at *2 (E.D. Cal. July 12, 2010). "Such agreements

1   'have routinely been upheld by circuit and district courts.'"  *Id.* (quoting *United States v. Drew*,

2   259 F.R.D. 449, 462 (C.D. Cal. 2009).

3           **1.      The forum selection clearly provides for exclusive venue in Texas for
                Plaintiff's claims.**

4

5           As noted above, the forum selection clause in the User Agreement applies to "any

6   dispute" arising out of the Website and/or the Match online dating service, and thus there can be

7   no question that all of Plaintiff's claims in this action—which concern various alleged

8   characteristics of and/or representations about the Website and the Match service—fall within the

9   ambit of the clause.  Moreover, the clause, set out in its own paragraph and in crystal-clear

10  language, was reasonably communicated to Plaintiff and all putative class members and therefore

11  is enforceable.  Compl. Ex. A ¶ 23, *supra* Section II. at 3.  "A forum selection clause stated in

12  clear and unambiguous language . . .  is considered reasonably communicated to the plaintiff in

13  determining its enforceability."  *Mazzola v. Roomster Corp.*, No. CV 10-5954, 2010 WL

14  4916610, at *2 (C.D. Cal. Nov. 30, 2010) (holding that similar clause was reasonably

15  communicated and quoting *Novak v. Tucows, Inc.*, No. 06CV1909 (JFB) (ARL), 2007 WL

16  922306, at *7 (E.D.N.Y. Mar. 26, 2007)); *see also Rodriguez v. PepsiCo Long Term Disability

17  Plan*, 716 F. Supp. 2d 855, 860 (N.D. Cal. 2010) (Henderson, J.) (holding that forum selection

18  clause on website to which plan participants were directed for information regarding benefits was

19  "reasonably communicated" and enforceable).

20          Furthermore, the forum selection clause is mandatory by its terms, stating that

21  Dallas County, Texas is the exclusive venue for the resolution of any disputes.  *See, e.g.*, *N. Cal.

22  Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1036-37 (9th Cir.

23  1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the

24  exclusive one."); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir.

25  1984) (holding that provision stating that all disputes "shall be litigated only in the Superior Court

26  for Los Angeles, California" is an enforceable forum selection clause); *Radian Int'l, LLC v.

27  Alpina Ins. Co.*, No. C-04-4537 SC, 2005 WL 1656884, at *2 (N.D. Cal. July 14, 2005) (Conti,

28  J.) (holding that forum selection clause providing that "any resolution to a dispute . . . shall be

1    held in Beirut, Lebanon" was mandatory and enforceable).

2            **2.    Plaintiff cannot meet her heavy burden of proving that enforcement of
                     the forum selection clause would be unreasonable or unjust.**
3
4            When seeking to avoid a forum selection clause on grounds that it is so

5    unreasonable as to be unenforceable, a plaintiff bears the heavy burden of showing that: (1) the

6    inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the plaintiff

7    would effectively be deprived of his or her day in court if the clause were enforced; or

8    (3) enforcement of the clause would contravene a strong public policy of the forum in which the

9    suit has been brought. *Bremen*, 407 U.S. at 15-18; *Argueta*, 87 F.3d at 325.  Plaintiff cannot meet

10   this heavy burden.

11           **a.    Plaintiff cannot show that the forum selection clause is the
                     product of fraud or overreaching.**
12
13           To circumvent the forum selection clause in the User Agreement, Plaintiff must

14   prove that the clause itself, not the User Agreement as a whole, was the product of fraud or

15   overreaching.  *See, e.g., Angelotti v. RW Prof'l Leasing Servs. Corp.*, 105 F.3d 664, 1996 WL

16   742542, *2 (9th Cir. 1996) ("We only can set aside a forum-selection clause if a party was

17   fraudulently induced to include the clause itself in the agreement."); *Riley v. Kingsley*

18   *Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992) ("A plaintiff seeking to avoid a

19   choice provision on a fraud theory must . . . plead fraud going to the specific provision; the

20   teachings of *Scherk*, interpreting *M/S Bremen*, require no less."); *Moses v. Bus. Card Express,*

21   *Inc.*, 929 F.2d 1131, 1138 (6th Cir. 1991) (to render a forum-selection clause unenforceable,

22   "there must be a well-founded claim of fraud in the inducement of the clause itself, *standing*

23   *apart from the whole agreement*").  Because a forum selection clause can be set aside only if the

24   clause *itself* was somehow fraudulently obtained, the fact that the clause was included in a form

25   agreement with non-negotiable terms does not render the clause the product of fraud or

26   overreaching.  *Shute*, 499 U.S. at 593-95 (holding that unequal bargaining power between the

27   parties does not make a forum selection clause unenforceable); *accord Murphy*, 362 F.3d at 1141

28   (holding that "a differential in power or education on a non-negotiated contract will not vitiate a

forum selection clause").

Plaintiff does not even generally allege that the forum selection clause *itself* was the product of fraud or overreaching, much less allege any facts that could support such an assertion. Instead, Plaintiff merely alleges in a conclusory fashion that the clause is invalid because it was "incorporated into Match's Terms of Use Agreement as a result of and in connection with Match's false and misleading business practices described herein." Compl. ¶ 11. This is merely an inartful way of asserting that the entire User Agreement was entered into as a result of Match's allegedly fraudulent business practices—as such, it is plainly insufficient to implicate the forum selection clause. Moreover, Plaintiff's allegation also is entirely inconsistent with her invocation of the User Agreement as a valid contract on which she bases a breach of contract claim.

Plaintiff's failure to meet her heavy burden is hardly surprising. The forum selection clause is plainly stated, and Plaintiff cannot show that Match made any misrepresentations about the clause or misled her as to its legal effect. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998) (en banc) (enforcing clause where there was no allegation that one party "misled [the other] as to the legal effect of the choice clauses" or "fraudulently inserted the clauses").

### b.   Plaintiff cannot show that she would be deprived of her day in court if the forum selection clause were enforced.

Likewise, the plaintiff bears a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Argueta*, 87 F.3d at 325 (quoting *Pelleport Investors*, 741 F.2d at 281; *see also Manetti-Farrow*, 858 F.2d at 515. In this regard, Plaintiff asserts only that travel to Texas would take time and cost money. Compl. ¶ 12. But courts in this Circuit routinely enforce forum selection clauses even though they require plaintiffs to incur expenses to travel to far-away venues. *See, e.g., Pelleport Investors*, 741 F.2d at 281 (travel from east coast to west coast held not so inconvenient as to constitute deprivation of day in court); *Radian Int'l*, 2005 WL 1656884, at *2 (clause requiring travel to Lebanon held enforceable).

1    Although litigating her claims in Texas would perhaps require Plaintiff to travel to

2   Texas on occasion, that fact alone cannot establish the deprivation of any right.   This is

3   particularly so here, where Plaintiff has brought suit on behalf of a nationwide class, which

4   presumably includes many Texans.   Indeed, Plaintiff can hardly argue that enforcement of the

5   forum selection clause would deprive her of her day in court, when in the *Robinson* case—itself a

6   nationwide class action presumably including the same Californians in this case—as well as

7   plaintiffs from Florida, Iowa, New York, Tennessee, and Washington are pursuing their claims in

8   the proper forum in Texas, despite the fact that many of them will have to travel about as far as, if

9   not farther than, Plaintiff.   Plaintiff's rather pathetic allegations fall far short of showing that

10  enforcement of the forum selection clause would essentially deprive her of her day in court.

11          **c.      Plaintiff cannot show that enforcement of the forum selection**
12                  **clause would contravene a strong public policy of California.**

13    Although Plaintiff baldly asserts that enforcement of this clause would violate

14  California's public policy with regard to consumer protections and deprive her of rights under

15  California law, she offers no basis whatsoever for this assertion.  Compl. ¶¶ 13-14.  First, Plaintiff

16  appears to conflate her arguments regarding forum selection and choice of law, which is both

17  impermissible and unavailing.  *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009

18  WL 330934, at *4 (N.D. Cal. Feb. 10, 2009) (White, J.) (holding that "a party challenging

19  enforcement of a forum selection clause may not base its challenge on choice of law analysis").

20  The only issue relevant to the forum selection analysis is whether California has a public policy

21  specifically regarding venue that would be threatened by enforcement of the clause.  *See Swenson*

22  *v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006) ("The question is not

23  whether the application of the forum's law would violate the policy of the other party's state, but

24  rather, whether enforcement of the forum selection agreement would violate the policy of the

25  other party's state as to the forum for litigation of the dispute.").

26    Second, California has a "strong policy in favor of enforcing forum selection

27  clauses."  *Applied Med. Distribution Corp. v. Surgical Co. BV*, 587 F.3d 909, 914 (9th Cir. 2009).

28  Plaintiff points to nothing that supersedes this policy.  Enforcement of the forum selection clause

DEFENDANT'S MOTION TO DISMISS FOR                    - 10 -
IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER                                                        Case No. 11-CV-00762-SBA

1   here thus would *promote* California public policy, since that policy supports the enforcement of

2   such clauses.  *See, e.g.*, *Swenson*, 415 F. Supp. 2d at 1104 ("Enforcement of the forum selection

3   clause itself here does not contravene a strong public policy in California.").

4           In sum, the facts of this case make it readily apparent that the forum selection

5   clause in the User Agreement providing for exclusive venue in Dallas County, Texas is valid and

6   enforceable and that Plaintiff cannot meet her heavy burden of overcoming the presumption of

7   validity.  Match therefore respectfully submits that this case should be dismissed under Federal

8   Rule of Civil Procedure 12(b)(3), or, alternatively, transferred to the United States District Court

9   for the Northern District of Texas, Dallas Division pursuant to 28. U.S.C. § 1406(a) (granting

10  district courts the authority to transfer cases filed in an improper venue to a venue where the case

11  could have been brought).

12  **C.      Alternatively, the Court should transfer this action to the Northern District of
            Texas under Section 1404(a).**

13

14          Pursuant to 28 U.S.C. § 1404(a), a district court, "[f]or the convenience of the

15  parties and witnesses, [and] in the interest of justice," may transfer a case to another district court

16  in which the case might have been brought.  The purpose of section 1404(a) "is to prevent the

17  waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against

18  unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

19  (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960)).  The moving party bears

20  the burden of showing that transfer is appropriate.  *See Commodity Futures Trading Comm'n v.

21  Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979); *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.

22  Supp. 2d 1044, 1048-49 (N.D. Cal. 2001) (Walker, J.).

23          To support a motion to transfer, the moving party must establish that (1) venue

24  would be proper in the transferee district; (2) the action could have been brought in the transferee

25  district; and (3) transfer will serve the convenience of the parties and witnesses, and will promote

26  the interests of justice.  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp.

27  503, 506 (C.D. Cal. 1992); *see also A.J. Indus., Inc. v. United States Dist. Ct.*, 503 F.2d 384,

28  386-87 (9th Cir. 1974).  In making the later determination, the court considers multiple factors,

DEFENDANT'S MOTION TO DISMISS FOR                    - 11 -
IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER                                                          Case No. 11-CV-00762-SBA

1   including the plaintiff's choice of forum; the convenience of the parties; the convenience of the

2   witnesses; the ease of access to evidence; the familiarity of each forum with the applicable law;

3   the feasibility of consolidation of other claims; any local interest in the controversy; and the

4   relative trial court congestion and time to trial in each forum.  *See Jones v. GNC Franchising,*

5   *Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805

6   F.2d 834, 843 (9th Cir. 1986).  Importantly here, "[t]he presence of a forum selection clause [is a]

7   significant factor that figures centrally in the district court's calculus."  *Stewart Org., Inc. v.*

8   *Ricoh Corp.*, 487 U.S. 22, 29 (1988); *accord Jones*, 211 F.3d at 499.

9          The facts of this case fully support transfer of this action to the Northern District of

10   Texas under Section 1404(a).  There is no dispute that the federal courts in Texas would have

11   subject matter jurisdiction over this action under the Class Action Fairness Act.  *See* 28 U.S.C. §

12   1332(d) (2006); Compl. ¶ 7.  Personal jurisdiction also exists because Match's headquarters are

13   located in Dallas, Texas.  *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010); *Cariajano v.*

14   *Occidental Petroleum Corp.*, 626 F.3d 1137, 1151 (9th Cir. 2010).  As for venue, as discussed

15   above, the forum selection clause in the User Agreement clearly reflects the parties' intent that

16   venue lie exclusively in Texas, specifically the state or federal courts in Dallas County.  *See*

17   Compl. Ex. A ¶ 23; *see also* 28 U.S.C. § 1391(a)(1) (2006) (providing that venue is appropriate in

18   the judicial district where the defendant resides); § 1391(c) (providing that a corporate defendant

19   "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction").

20   Thus, venue is proper in the Dallas Division of the United States District Court for the Northern

21   District of Texas, and this action "could have been brought"—indeed should have been brought—

22   in the Northern District of Texas, Dallas Division.

23          The nature of this case clearly weighs in favor of transfer as well.  Although the

24   plaintiff's choice of forum is generally accorded deference in considering a Section 1404(a)

25   motion, no such deference is accorded in the class action context.  *See Koster v. (Am.)*

26   *Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) (observing that in the class action context,

27   there may be hundreds of plaintiffs, each of whom presumably has a preferred forum); *Pfeiffer v.*

28   *Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (holding plaintiff's choice of

1  forum not entitled to deference in context of class action); *Owner-Operator Independent Drivers*

2  *Ass'n v. C.R. England, Inc.*, No. CV F02-0205664 A WI SMS, 2002 WL 32831640, at *7 (E.D.

3  Cal. Aug. 19, 2002) (same).   Indeed, Plaintiff's tactical decision to file suit in California in

4  contravention of the forum selection clause is not entitled to any deference in this case.  *See*

5  *Alexander v. Franklin Res., Inc.*, No. C 06-7121 SI, 2007 WL 518859, at *4 (N.D. Cal. Feb. 14,

6  2007) (Illston, J.) ("[T]he Ninth Circuit has established that courts should disregard a plaintiff's

7  forum choice where the suit is a result of forum-shopping." (citing *Alltrade, Inc. v. Uniweld*

8  *Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991))).  This is particularly true since a case seeking to

9  certify a nationwide class as to many of Plaintiff's claims is already pending in the Northern

10  District of Texas—the exclusive forum for resolution of such claims under the User Agreement.

11  The remaining factors in the analysis also heavily favor transferring this action to

12  Texas.  *See* Lam Decl. ¶¶ 3-8.  The vast majority of the witnesses reside or work in Texas.  And

13  the vast majority of the relevant documents are located in Texas.   The User Agreement is

14  governed by Texas law.  The Texas courts have at least as great an interest in deciding matters

15  involving Texas corporations and individuals as California does in deciding matters involving a

16  California plaintiff in a nationwide class action.  Indeed, the nationwide class Plaintiff seeks to

17  certify presumably would include a large number of persons residing in Texas.   It is of no

18  moment that Plaintiff asserts claims under California law, as federal courts frequently decide and

19  resolve questions of non-forum state law.

20  Finally, two related cases are currently pending in Texas courts, one in the state

21  district court in Dallas County and the other in the Northern District of Texas.  *See* First Amended

22  Petition, *Smith v. Match.com*, attached as Ex. H; Ex. D (*Robinson v. Match.com*, Complaint).

23  Indeed, the case pending in the Northern District of Texas (*Robinson*) was filed several months

24  before this case, asserts substantially similar claims as Plaintiff does here, and also seeks to

25  certify a nationwide class.  *Robinson* is well under way.  The Rule 26(f) conference has occurred,

26  and the parties must submit a status report on or before April 1, 2011.  Moreover, all of the claims

27  asserted in the Texas cases and this case are based upon the same nucleus of operative facts and

28  factual allegations.    Transferring this case to the Northern District of Texas to facilitate

DEFENDANT'S MOTION TO DISMISS FOR
IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER

- 13 -

Case No. 11-CV-00762-SBA

1   coordination with the case currently pending in that district falls squarely within the purpose of

2   section 1404(a) to prevent waste of "time, energy, and money" and to protect against unnecessary

3   inconvenience and expense.  *See Van Dusen*, 376 U.S. at 616.  Thus, the balance of interests

4   strongly favors transferring this action to the Northern District of Texas.

5   **IV.    CONCLUSION**

6           For all of the foregoing reasons, Match respectfully requests that this Court

7   dismiss this action for improper venue pursuant to Rule 12(b)(3) or, alternatively, transfer the

8   case to the United States District Court for the Northern District of Texas, Dallas Division,

9   pursuant to 28 U.S.C. § 1406(a).  Alternatively, Match respectfully requests that the Court

10  transfer this action to the Northern District of Texas, Dallas Division pursuant to 28 U.S.C.

11  § 1404(a).

12

13  DATED:  March 17, 2011

14                                          Respectfully submitted,

15                                          BAKER BOTTS L.L.P.

16

17                                          By:_____/s/ *Bryant C. Boren, Jr.*_____
                                                        Bryant C. Boren, Jr.
18                                          Attorneys for Defendant Match.com, L.L.C.

19

20                          **CERTIFICATE OF CONFERENCE**

21

22          I hereby declare that Jim Maloney conferred with counsel for Plaintiff regarding

23  Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer.

24  On March 14, 2011, Counsel for Plaintiff stated that they are opposed.  Accordingly, a stipulation

25  could not be obtained.

26                                              _____/s/ *Bryant C. Boren, Jr.*_____
                                                        Bryant C. Boren, Jr.
27

28

DEFENDANT'S MOTION TO DISMISS FOR                     - 14 -
IMPROPER VENUE OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER                                                    Case No. 11-CV-00762-SBA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28